| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>Court Address: 1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED: May 14, 2021 12:05 PM<br>FILING ID: 7492FD6244D77<br>CASE NUMBER: 2021CV31518 |
| Plaintiff: **PATTI FORSYTHE**<br><br>v.<br><br>Defendant: **SAFECO INSURANCE COMPANY OF AMERICA** | ▲COURT USE ONLY▲ |
| Olga Yeva Steinreich, Atty. Reg. No. 48200<br>Roman Balaban, Atty. Reg. No. 39148<br>**Balaban Law LLC**<br>Stanford Place I<br>8055 East Tufts Avenue, Suite 325<br>Denver, Colorado 80237<br>Phone Number: 303-377-3474<br>Fax Number: 303-377-3576<br>Email: steinreich@denverfirm.com<br>　　　　balaban@denverfirm.com | Case Number:<br><br>Division/Ctrm: |
| **COMPLAINT** ||

Plaintiff, **PATTI FORSYTHE**, by and through her undersigned counsel, Balaban Law LLC, for her Complaint against Defendant Safeco Insurance Company of America, avers and states as follows:

## I. PARTIES

1. At all times relevant to this lawsuit, Plaintiff Patti Forsythe (hereinafter "Plaintiff") was a resident of the State of Colorado with last known address of 8725 West Berry Avenue, Unit 202, Littleton, Colorado 80123.

2. Upon information and belief, at all times relevant to this lawsuit, Defendant Safeco Insurance Company of America (hereinafter "Defendant") is a New Hampshire company in the business of casualty insurance with a principal place of business located at 100 Liberty Way, Dover, New Hampshire 03820.

3. Defendant's registered agent in the State of Colorado is Corporation Service Company, located within the County of Arapahoe at 1900 West Littleton Boulevard, Littleton, CO 80120.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties to this action and over the subject matter in that Plaintiff has suffered injuries and damages as the result of a motor vehicle accident within the State of Colorado and Defendant issued a policy of insurance to Plaintiff within the State of Colorado. The Court has personal jurisdiction in that Defendant transacts business within the State of Colorado.

5. Venue is appropriate in that Defendant is a nonresident of the State of Colorado and Plaintiff designates venue in Denver County pursuant to C.R.C.P. 98(c)(1).

## III. GENERAL ALLEGATIONS

6. On January 11, 2017, Plaintiff was injured in a motor vehicle collision that occurred on East Belleview Avenue, in Greenwood Village, Colorado.

7. At the time of the collision, Plaintiff was driving a 2011 Rav 4.

8. Immediately prior to the collision, Plaintiff was driving westbound on East Belleview Avenue in Greenwood Village, Colorado.

9. Another motorist, Ms. Karen Daciek, was driving in the same direction behind Ms. Forsythe's car, and in attempting to change lanes, collided with the rear right bumper of Plaintiff's car.

10. As a direct and proximate result of Ms. Karen Daciek's negligence and carelessness, Plaintiff sustained bodily injuries.

11. Plaintiff did nothing to cause the collision.

12. Plaintiff was properly restrained at the time of the collision.

13. The collision was caused solely by the acts of Ms. Karen Daciek.

14. No third party caused or contributed to the cause the collision.

15. Plaintiff has not failed to mitigate her damages.

16. On the day of the collision, Ms. Karen Daciek was insured by USAA with the liability limits of $ 100,000.00 per person and $ 300,000.00 per incident.

17. Plaintiff made a claim with USAA, Ms. Karen Daciek's liability carrier.

18. On the day of the collision, Plaintiff was insured under a contract of motor vehicle insurance issued by Defendant, policy number Y7452383.

19. Defendant's policy of insurance included underinsured motorist coverage with combined single limit of $ 500,000 (five hundred thousand dollars) for each occurrence.

20. On or about April 16, 2017, Plaintiff provided Defendant with a written notice of an underinsured motorist claim.

21. On or about April 20, 2017, Defendant sent Plaintiff an acknowledgment of her underinsured motorist claim.

22. On or about April 24, 2019, Plaintiff contacted Defendant to advise that Plaintiff was sending a demand package to USAA.

23. On or about June 3, 2019, USAA offered to settle Plaintiff's bodily injury claim for $ 100,000.00, which is the maximum available under the policy.

24. On or about June 4, 2019, Plaintiff requested Defendant's consent to settle with USAA.

25. On or about June 4, 2019, Plaintiff sent Defendant her medical records and bills totaling $ 107,792.78, and requested that Defendant evaluate her claim.

26. On or about June 20, 2019, Plaintiff called Defendant and confirmed Defendant received her request for evaluation.

27. On or about June 24, 2019, Plaintiff contacted Defendant, and was advised to provide prior medical records.

28. On or about July 9, 2019, Plaintiff complied with Defendant's request for prior medical records by providing records from Front Range Spine.

29. On June 22, 2019, Plaintiff complied with Defendant's request for prior medical records by providing records from Health Images West Littleton.

30. On or about August 27, 2019, Plaintiff updated Defendant that she was working on obtaining prior medical records.

31. On or about August 27, 2019, Plaintiff re-requested Defendant's consent to settle with USAA.

32. On or about September 9, 2019, Defendant consented to Plaintiff settling the liability claim with USAA.

33. On or about September 9, 2019, Plaintiff complied with Defendant's request for prior medical records by providing records from Colorado Orthopedic Consultants.

34. On January 7, 2020, USAA issued the settlement check for $ 100,000.00.

35. On or about January 23, 2020, Plaintiff complied with Defendant's request for prior medical records by providing records from Envision Sally Jobe and bills from the Medical Center of Aurora.

36. On or about February 7, 2020, Plaintiff complied with Defendant's request for prior medical records by providing records from Colorado Chiropractic Consultants.

37. On or about March 11, 2020, Defendant notified Plaintiff that overall value of the claim was within USAA policy limits.

38. On or about March 11, 2020, Defendant failed to provide a reasonable basis for concluding that Plaintiff's claim's value was within USAA policy limits.

39. On or about March 11, 2020, Defendant notified Plaintiff that "Her [Plaintiff's] issues pre-existed this motor vehicle accident and at most caused a temporary flare up of pain. We [Defendant] find that less than 2 months of some physical therapy/chiro treatment to be reasonably related."

40. On April 23, 2020, Plaintiff complied with Defendant's request and provided a signed medical authorization and provided a list of medical professionals Plaintiff saw prior to the collision.

41. On June 18, 2020, On Defendant's request, Plaintiff went to Dr. Philip Stull, M.D. for a medical evaluation.

42. Plaintiff had no input in choosing Dr. Stull to perform the medical examination.

43. Dr. Philip Stull was paid exclusively by Defendant for his time reviewing Plaintiff's records and performing the medical examination.

44. Dr. Philp Stull opined that underlying incident is "relatively low speed" collision.

45. In his report, Dr. Philip Stull did not provide any basis for labeling underlying collision as low speed.

46. Dr. Philip Stull is not a biomechanical engineer and cannot correlate the forces involved in a collision with Plaintiff's injures.

47. In his report, Dr. Philip Stull opined that "none of the treatments other than four to six weeks of conservative measures including physical therapy and chiropractic care that were given for a flare-up of the cervical and lumbar conditions were related to the auto accident."

48. On or about July 13, 2020, Defendant denied benefits owed to Plaintiff under the policy.

49. On or about November 19, 2020, Defendant asserted that it reviewed all records and information when evaluating Plaintiff's claim.

50. Defendant failed to consider opinions of treating providers following the collision:

   a. Defendant failed to consider the opinion of Dr. Nathan Faulkner, M.D., who, on January 7, 2019, stated that "it is more likely that not the accident exacerbated her [Plaintiff's] preexisting hip dysplasia/arthritis."

   b. Defendant failed to adequately evaluate treatment notes and reports from Dr. Usama Ghazi, D.O.

   c. Defendant failed to evaluate the recommendations from Dr. Laura Patton, M.D., from Mountain View Pain Center.

   d. Defendant failed to evaluate treatment notes and reports from Dr. William Biggs, D.C., from Mountain View Pain Center.

   e. Defendant failed to evaluate treatment notes and reports from Dr. Lisa Rozo, PT, DPT, from ME Physical Therapy.

51. On or about December 30, 2020, Plaintiff requested that the Defendant re-evaluate her underinsured motorist claim.

52. Defendant failed to re-evaluate Plaintiff's claim.

53. On or about January 21, 2021, Defendant notified Plaintiff that it was only considering $ 11,076.89 for treatment consisting of physical therapy, chiropractic care, and diagnostic damages. Defendant only considered $ 20,000.00 in general damages.

54. On or about March 16, 2021, Plaintiff provided Defendant with additional records from HealthSource of Highlands Ranch.

55. On or about March 16, 2021, Plaintiff provided Defendant with additional records from County Line Chiropractic.

56. On or about March 30, 2021, Defendant notified Plaintiff that there was no change in the evaluation of her claim.

57. As of the date of filing of this action, Plaintiff has not received any payments for undisputed economic and non-economic damages under her underinsured motorist claim.

58. Defendant failed to evaluate Plaintiff's past, and future economic damages.

5

59. Defendant failed to evaluate Plaintiff's past, and future non-economic damages.

60. Defendant failed to consider and evaluate Plaintiff's temporary and/or permanent impairment.

61. Plaintiff put Defendant on notice of an underinsured motorist claim.

62. Plaintiff fully cooperated with Defendant in its investigation.

63. Plaintiff fulfilled her obligations under her contract with Defendant.

64. Plaintiff is allowed to recover reasonable and necessary medical expenses under her uninsured motorist coverage.

65. Defendant had a duty to conduct a prompt and complete evaluation of the underinsured motorist claim.

66. Defendant has an obligation to pay Plaintiff's benefits owed under her underinsured motorist policy as they accrue.

67. Defendant has delayed payment of benefits owed to Plaintiff under her underinsured motorist policy.

68. Defendant has not provided a reasonable basis for the delay of Plaintiff's benefits under the underinsured motorist policy.

69. Defendant has delayed payment of undisputed noneconomic damages owed under Plaintiff's underinsured motorist policy.

70. Defendant has not provided a reasonable basis for the delay of payment of Plaintiff's undisputed noneconomic damages.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

71. Plaintiff incorporates and makes a part of this claim for relief all foregoing paragraphs of the complaint.

72. Prior to the subject collision, Plaintiff entered into a contract for insurance benefits with Defendant.

73. Under the provisions of Defendant's policy of insurance, Defendant is obligated to provide underinsured motorist benefits resulting from bodily injury of a covered person.

74. Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insureds. Pursuant to its implied duty of good faith and fair dealing, Defendant owed to Plaintiff an obligation to treat Plaintiff's interests with equal consideration to their own interests.

75. Plaintiff has complied with all conditions precedent to coverage under the insurance policy issued by Defendant.

76. Plaintiff has substantially performed her part of the insurance contract with the Defendant.

77. Defendant has breached its contract with Plaintiff by unreasonably delaying and denying benefits due to Plaintiff under the policy.

78. As a direct and proximate result of Defendant's breach of contract, Plaintiff has incurred damages in an amount to be determined at the time of trial.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF
### (COMMON LAW BAD FAITH)

79. Plaintiff incorporates and makes a part of this claim for relief all prior allegations herein.

80. Plaintiff suffered injuries, damages, and losses as result of the aforementioned automobile collision.

81. As Plaintiff's insurer, Defendant owes its insured the duty of good faith and fair dealing which duty is breached if the insurer delays or denies payment without a reasonable basis for its delay or denial. Pursuant to its duty of good faith and fair dealing, Defendant owed to Plaintiff an obligation to treat Plaintiff's interests with equal consideration to its own interests.

82. In denying Plaintiff's underinsured motorist claim, Defendant breached its duty of good faith and fair dealing owed to Plaintiff in one or more of the following ways:

   a. Failing to give equal consideration to the interests of Plaintiff, its insured;

   b. When investigating Plaintiff's claims, failing to diligently search for evidence that supported their insured's claims;

   c. Unreasonably delaying or denying benefits under the insurance policy without a reasonable basis with knowledge of its reckless disregard for delaying or denying such benefits;

7

  d. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;

  e. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

  f. Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims after its liability has become reasonably clear;

  g. Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy.

83. Defendant acted unreasonably in denying underinsured motorist benefits to Plaintiff, and in delaying and denying the payment of underinsured motorist benefits to Plaintiff.

84. Defendant knew that its conduct was unreasonable, or Defendant recklessly disregarded the fact that its conduct was unreasonable.

85. Defendant's unreasonable conduct was a cause of Plaintiff's injuries, damages, and losses.

**PLAINTIFF'S THIRD CLAIM FOR RELIEF**
**(STATUTORY UNREASONABLE DELAY AND DENIAL OF INSURANCE BENEFITS IN VIOLATION OF C.R.S. 10-3-1115(1)(A) AND C.R.S. 10-3-1116(1))**

86. Plaintiff incorporates and makes a part of this claim for relief all prior allegations herein.

87. Defendant is a person engaged in the business of insurance within the meaning of Colorado Revised Statutes, section 10-3-1115(1)(a).

88. Plaintiff is a first party claimant within the meaning of Colorado Revised Statutes, section 10-3-1115, and has asserted an entitlement to insurance benefits owed directly to her under an insurance policy.

89. Defendant's denial of the above-described claims for benefits under the underinsured motorist provisions of her insurance policy was unreasonable and without a reasonable basis as described above.

90. Defendant violated sections 10-3-1115 and 10-3-1116 of Colorado Revised Statutes, when it unreasonably denied and delayed payment of Plaintiff's benefits under the Policy.

91. Plaintiff's benefits under the Policy are "covered benefits" within the meaning of Colorado Revised Statutes, section 10-3-1116(1).

92. As a direct result of Defendant's unreasonable denial of Plaintiff's claim for first party benefits, Plaintiff is entitled to two times the covered benefits, court costs and reasonable attorney's fees pursuant to C.R.S. 10-3-1116.

**WHEREFORE**, Plaintiff prays for the entry of Judgment in her favor and against the Defendant for breach of contract in the amount of the covered benefits plus costs and prejudgment interest pursuant to C.R.S. § 13-21-101, post judgment interest, together with an amount equal to twice the covered benefits plus attorney fees and costs pursuant to C.R.S. §§ 10-3-1115 and -1116; and granting such other and further relief as this Court deems just and proper under the circumstances.

Dated this 14th day of May, 2021.

Respectfully submitted,

*S/ *Olga Y. Steinreich,*
Olga Y. Steinreich, Atty. No. 48200
Roman Balaban, Atty. No. 39148
8055 East Tufts Avenue Suite 325
Denver, Colorado 80237
Tel: 303-377-3474
Fax: 303-377-3576
Email: steinreich@denverfirm.com
       balaban@denverfirm.com

Plaintiff's address:

8725 West Berry Avenue, Unit 202
Littleton, Colorado 80123

---

* *The "S/" is a symbol representing the signature of the person whose name follows the "S/" on the electronically or otherwise signed form of the E-Filed or E-Served document pursuant to C.R.C.P. 121 lr 1-26(1)(f). A printed or printable copy of an E-Filed or E-Served document with original or scanned signatures is maintained by the filing party and is available for inspection by other parties or the court upon request pursuant to C.R.C.P. 121 lr 1-26(7).*

9